UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARIE MARCEL REED

CIVIL ACTION

VERSUS

NUMBER 12-593-JJB-SCR

MICHELLE MARIE GAUDIN, RN,
ET AL

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, October 15, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARIE MARCEL REED

VERSUS

MICHELLE MARIE GAUDIN, RN,
ET AL

CIVIL ACTION

NUMBER 12-593-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Pro se plaintiff Marie Marcell Reed filed this civil action against Michelle Marie Gaudin, RN, asserting a claim for medical malpractice, and against Ascension Parish Sheriff Jeff Wiley and Ascension Parish President Tommy Martinez asserting claims for medical malpractice via agency, i.e. as Gaudin's employers. Plaintiff stated her address as being in Baton Rouge, Louisiana. Plaintiff did not give the residence address of defendant Gaudin. For defendants Wiley and Martinez, the plaintiff gave their office addresses in Gonzales, Louisiana.  For the purpose of this report, the court takes judicial notice of the fact that both defendant Wiley and defendant Martinez reside in Ascension Parish, Louisiana.

When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).[1]  Plaintiff did not affirmatively allege the jurisdictional basis for her claims, nor

---

[1] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975).

did she affirmatively allege her citizenship or the defendants' citizenship. Nonetheless, from her allegations, it appears that at least the plaintiff and defendants Wiley and Martinez are also Louisiana citizens.

There is no apparent basis for this court to exercise subject matter jurisdiction over the plaintiff's claims under 28 U.S.C. § 1332, diversity of citizenship. The complaint does not suggest any other basis for subject matter jurisdiction.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed for lack of subject matter jurisdiction, and without prejudice to any state law claims which may be alleged in the complaint.

Baton Rouge, Louisiana, October 15, 2012.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE